**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN ADDISON,<br><br>                  Plaintiff-Appellee,<br><br>  v.<br><br>CITY OF BAKER CITY, a municipal corporation,<br><br>                  Defendant,<br><br> and<br><br>WYN LOHNER, in his individual capacity,<br><br>                  Defendant-Appellant. | No.   17-35552<br><br>D.C. No. 2:15-cv-02041-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted July 10, 2018
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and MÁRQUEZ,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

Baker City Chief of Police Wyn Lohner  (Chief Lohner) appeals the district court's denial of his motion for summary judgment in Brian Addison's (Addison) 42 U.S.C. § 1983 action against him.  Addison alleges that Chief Lohner engaged in a campaign of harassment against him in violation of his First Amendment rights after he published an article criticizing the Baker City Police Department (BCPD).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.[1]

1.      To determine whether Chief Lohner is entitled to qualified immunity, we engage in a familiar two-prong inquiry, *al-Kidd v. Ashcroft*, 580 F.3d 949, 964 (9th Cir. 2009), *rev'd on other grounds*, 563 U.S. 731 (2011), either of which may be addressed first.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The district court correctly concluded that Addison's right to be free from adverse police action in retaliation for constitutionally protected speech is clearly established.  *See Ford v. City of Yakima*, 706 F.3d 1188, 1195 (9th Cir. 2013) (per curiam) ("Police officers have been on notice at least since 1990 that it is unlawful to use their authority to retaliate against individuals for their protected speech."); *Beck v. City of Upland*, 527 F.3d 853, 871 (9th Cir. 2008) (same); *see also Coszalter v. City of Salem*, 320 F.3d 968, 975–76 (9th Cir. 2003) (holding that

---

[1] The remaining motions for leave to file briefs as amici curiae, Dk. Nos. 24, 26, are **GRANTED**.

"severe retaliatory actions" including "campaigns of harassment and humiliation" could support a § 1983 claim for First Amendment retaliation).

The district court also correctly found that Addison adduced sufficient evidence to create a genuine dispute of material fact as to whether Chief Lohner retaliated against Addison in violation of his First Amendment rights. *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). It is undisputed that Addison engaged in constitutionally protected activity when he authored the column critical of the police. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 269 (1964). Chief Lohner waived any argument that there was no "substantial causal relationship" between Addison's speech and his allegedly adverse actions. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). Thus, the only issue before us is whether Addison introduced sufficient evidence to create a genuine dispute as to whether Chief Lohner's actions "would chill a person of ordinary firmness from continuing to speak out . . . ." *Bethel*, 608 F.3d at 543.

Viewing the facts in the light most favorable to Addison, the district court properly found that Chief Lohner engaged in a campaign of harassment over a period of years against Addison, which included contacting two of Addison's employers (the Baker County Press and New Directions), manipulating Addison's local law enforcement "fact file" for the purpose of frightening Addison's employers, and directing police officers to cite and ticket Addison. As a result of

this campaign of harassment, Addison was terminated from his employment at New Directions. We agree with the district court that this is sufficient to create a genuine dispute of material fact regarding whether there was adverse action against Addison. *Coszalter*, 320 F.3d at 976 ("[I]f the plaintiffs . . . can establish that the actions taken by the defendants were 'reasonably likely to deter [them] from engaging in protected activity [under the First Amendment],' they will have established a valid claim under § 1983.").

2. Chief Lohner raises several arguments on appeal in support of his claim of qualified immunity. We conclude that the district court did not err in determining that Chief Lohner was not entitled to qualified immunity, and that Addison's First Amendment retaliation claim was timely.

First, Chief Lohner mischaracterizes the law when he argues that even if he did provide a copy of Addison's fact file to Addison's employers, he cannot be held liable for that action because he was required to provide the file under Oregon Law, Or. Rev. Stat. §§ 192.410–192.505. Whether there has been First Amendment retaliation does not depend on whether Chief Lohner's actions were lawful or permissible, but rather on whether a citizen's protected speech was a "substantial or motivating factor" for his actions. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 916 (9th Cir. 2012) (en banc) (citations omitted); *see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283–84 (1977).

Second, Chief Lohner mischaracterizes the scope of his First Amendment protections when he argues that his communications with Addison's employers were protected speech. While it is true that public employees are entitled to First Amendment protection, *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006), this constitutional guarantee does not give them license to engage in a "campaign[] of harassment and humiliation" against another person in response to that person's exercise of the right to speak. *Coszalter*, 320 F.3d at 975–76. Thus, we conclude that Chief Lohner's actions were not protected by the First Amendment because the totality of conduct attributable to Chief Lohner under the district court's findings supports the conclusion that he engaged in a "campaign[] of harassment and humiliation." *Id.*

Third, Chief Lohner argues that Addison cannot bring a claim of defamation against him pursuant to § 1983 because no provision of the Constitution has been violated, relying on the Supreme Court's decision in *Paul v. Davis*, 424 U.S. 693 (1976). But *Paul* bears little relevance to this case. Unlike in *Paul*, Addison does not argue that he has a Fourteenth Amendment Due Process interest in his reputation alone. Rather, he argues that Chief Lohner's actions were part of a "campaign[] of harassment and humiliation" in response to his protected speech, in violation of his First Amendment rights. *Coszalter*, 320 F.3d at 975–76. This alleged constitutional violation may form the basis of a § 1983 claim. *Id.*

5

Addison's defamation claim, by contrast, was brought under Oregon state law, not under § 1983.

Fourth, Chief Lohner argues that he cannot be held liable for Addison's firing because he had no authority over Addison's employment. Because this argument was not raised below, nor in Chief Lohner's opening brief, it is waived on appeal. *Kama*, 394 F.3d at 1238 ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").

Fifth, Chief Lohner argues he cannot be held liable under a supervisor liability theory for the alleged acts of his subordinate police officers under § 1983 because he did not direct his officers to ticket Addison, produce Addison's fact file to the employers, or manipulate Addison's fact file. To prove supervisory liability under § 1983, courts must look at the requisite mental state for the specific constitutional violation alleged. *See OSU Student All. v. Ray*, 699 F.3d 1053, 1071–72 (9th Cir. 2012). For claims of free speech violations under the First Amendment, knowledge and acquiescence suffice for supervisor liability. *Id*. at 1075. The district court concluded that Addison presented sufficient evidence to raise a genuine dispute of material fact as to whether Chief Lohner knew about the alleged retaliation and acquiesced to it, and as to whether Chief Lohner directed

the actions of his subordinates. Chief Lohner's claim that he cannot be held liable under a supervisory liability theory is therefore unavailing.

Finally, the district court correctly concluded that Addison's First Amendment retaliation claim was timely. As the district court stated, "[t]he statute of limitations in a § 1983 suit is the same as provided under state law for tort claims alleging personal-injury" (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The statute of limitations for personal injury claims under Oregon law is two years. Or. Rev. Stat. § 12.110(1). The alleged conduct that gave rise to Addison's First Amendment retaliation claim "included the conversations that Lohner had with [Addison's employers], the later allegedly harassing conduct by the BCPD, and the BCPD's purported involvement in preparing and providing Addison's [fact file] to New Directions," all of which occurred within the two-year statute of limitations period.

**AFFIRMED.**